# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MANTI HOLDINGS, LLC, MALONE MITCHELL, WINN INTERESTS, LTD., EQUINOX I. A TX, GREG PIPKIN, CRAIG JOHNSTONE, TRI-C AUTHENTIX, LTD., DAVID MOXAM, LAL PEARCE, and JIM RITTENBURG, | ) ) ) ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | C.A. No. 2017-0887-SG |
| AUTHENTIX ACQUISITION COMPANY, INC., | ) ) ) ) | |
| Respondent. | ) ) | |
| _____ | ) ) | |
| AUTHENTIX ACQUISITION COMPANY, INC., | ) ) ) | |
| Counterclaim-Plaintiff, | ) ) | |
| v. | ) ) | |
| MANTI HOLDINGS, LLC, MALONE MITCHELL, WINN INTERESTS, LTD., EQUINOX I. A TX, GREG PIPKIN, CRAIG JOHNSTONE, TRI-C AUTHENTIX, LTD., DAVID MOXAM, LAL PEARCE, and JIM RITTENBURG, | ) ) ) ) ) ) ) | |
| Counterclaim-Defendants. | ) | |

## MEMORANDUM OPINION

Date Submitted:  May 28, 2019
Date Decided:  August 14, 2019

John L. Reed, of DLA PIPER LLP, Wilmington, Delaware, *Attorney for Petitioner/Counterclaim-Defendants.*

Samuel A. Nolen, of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware, *Attorney for Respondent/Counterclaim-Plaintiff.*

GLASSCOCK, Vice Chancellor

Before me is the Petitioners' Motion for Reargument of my Letter Opinion of October 1, 2018 (the "Letter Opinion").

Motions for reargument are, in my view, a tool that generally serves best left in the sheath; they are, I find, rarely fruitful, and most often result in additional expense for the litigants and effort by the Court, to no purpose. A motion for reargument, as this Court has pointed out on numerous occasions, does not provide a forum to relitigate issues decided by the trial judge, and if the trial court is in error on those issues, vindication is available on appeal, not via reargument. Nonetheless, reargument can be a useful tool if used as designed, to forestall a final opinion in which the judge has disregarded matters of law or fact, or has inadvertently failed to respond to an argument of counsel. In such cases, exercise of the motion can save the expense and delay of the matter being reviewed on appeal and remand, and I look on the (rare) well-founded motion for reargument as beneficial to the system of justice—and the time and effort of both bench and appellate judges—as well as to the client.

The Petitioners advance such a useful motion here. In my Letter Opinion of October 1, 2018, on the Petitioners' Motion to Dismiss the counterclaims and the Respondent's Motion for Partial Summary Judgment, I decided what I considered to be the issue before me: whether, pursuant to contract, the Petitioners had waived their ability to pursue appraisal rights under the DGCL. The parties had opposing

positions on this issue based on the applicable contractual language, positions they presented forcefully in oral argument. I found that the Petitioners had agreed to waive appraisal rights. Largely missing from the oral argument, however, and missing from my Letter Opinion, was a predicate issue: whether a stockholder can, via contract, validly waive her appraisal rights to begin with.

The Petitioners moved for reargument, in part on that ground. In examining the applicable briefing, it is clear that the Petitioners raised fairly the issue of the enforceability of a stockholder agreement to waive appraisal rights. As a result, I should have addressed it initially, and I rectify that omission here. Upon consideration, I find on this issue in the Respondent's favor; nonetheless, the Petitioners' Motion for Reargument was well-taken.

## I. BACKGROUND

I will recite in this Letter Opinion only those facts and contractual provisions necessary to my decision. The facts available at the time I issued the Letter Opinion have been supplemented at my request by the parties' Joint Stipulation of Fact (the "Joint Stipulation"), submitted on May 28, 2019; those facts are referenced as appropriate.

This matter relates to the sale via merger of Authentix Acquisition Co. ("Authentix") to a third-party entity. As of 2008, the Petitioners were the sole

owners of Authentix, Inc.[1]  In that year, Authentix, Inc. merged into Authentix, with The Carlyle Group and J.H. Whitney & Co. (collectively, "Carlyle") as the new majority owner.[2]  As a condition of the merger, the Petitioners agreed to roll over their interest in Authentix, Inc. into Authentix; also as a condition of the merger, they entered into a Stockholders Agreement ("SA").[3]  In 2009, as a response to a need for capital, the SA was amended to recognize a new issuance of preferred stock, Series B, in which the Petitioners and other equity holders were invited to participate.[4]  Carlyle participated in the Series B round.[5]

The SA was not a contract of adhesion.  As provided in the supplemental Joint Stipulation of Fact, the Petitioners—who were, I find, sophisticated parties—were represented by counsel, who exchanged drafts of the proposed SA before agreeing to a final contract.[6]  In other words, the sole owners of Authentix, Inc., with the help of counsel, negotiated the terms of the SA, as part of the 2008 merger with the Carlyle entity, Authentix, which merger was, I presume, valuable to the Petitioners. One of the provisions in that negotiated contract was, as I have found, a waiver of appraisal rights at issue here.  The SA also rigorously limits the Petitioners' rights to sell their shares: the Carlyle majority must approve any sale, and the buyer must

---

[1] Joint Stip. of Fact [hereinafter Joint Stip.], at ¶ 2.
[2] *Id.* at ¶ 3.
[3] *Id.* at ¶ 4.
[4] *Id.* at 9.
[5] *Id.*
[6] *Id.* at ¶¶ 6–7.

consent in writing to be bound by the SA's terms, including the waiver of appraisal rights.[7] Presumably, the Petitioners have enjoyed the benefit of their bargain, through the time of the sale of Authentix.

The Petitioners seek statutory appraisal under Section 262 of the Delaware General Corporation Law ("DGCL") in connection with a 2017 transaction.[8] On October 1, 2018, I issued my Letter Opinion in this matter, granting the Respondent's Motion for Partial Summary Judgment on whether the Petitioners are contractually barred from exercising their appraisal rights.[9] In short, I found that the Petitioners had, by the SA, waived their right to statutory appraisal in the event of a sale of Authentix, provided that stockholders received the "same price."[10]

In the October 1 Opinion, I held that the parties' contractual rights and obligations continued post-merger, that the transaction at issue triggered those contractual rights and obligations—specifically, to refrain from seeking appraisal— and that the company has the authority to enforce the SA.[11] On October 8, 2018, the Petitioners moved for reargument of the October 1, 2018 Letter Opinion.

In their Motion, the Petitioners submit that, in the Letter Opinion, I erred as to the interpretation of the SA. Per the Petitioners, contrary to my ruling, under the

---

[7] *See id.* at Ex. A, SA §§ 2, 5.
[8] *See* Compl.; *see also* 8 *Del. C.* § 262.
[9] 2018 WL 4698255 (Del. Ch. Oct. 1, 2018).
[10] *Id.*
[11] *Id.* at *2–3.

4

plain terms of the SA the merger constitutes a "sale of equity securities," and so Section 3(e) of the SA applies here.[12] Under that provision, the Petitioners are entitled to receive the "same price" as [Carlyle] stockholders in the event of a sale.[13] The Petitioners also submit that I erred as a matter of statutory law; that under Delaware law, statutory appraisal rights cannot be waived via contract.[14]

On November 20, 2018, I directed the parties to supplement their briefing on the Motion for Reargument, to address one narrow issue: whether a contractual undertaking to limit or waive future appraisal rights, in connection with a transaction that is not yet contemplated, is enforceable. The parties submitted further briefing, which concluded on January 4, 2019. I asked them to supplement that briefing with a factual recitation, the Joint Stipulation of Fact, filed on May 28, 2019. At that time, the Motion was submitted for decision. What follows is my analysis specifically limited to the facts as stated above: Does the DGCL forbid the sophisticated owners of a corporation from negotiating a term as part of a merger agreement that binds them to a future sale and waives statutory appraisal rights? I conclude that it does not.

---

[12] Pet'rs' Mot. for Reargument of the Court's Ltr. Op. Dated Oct. 1, 2018 [hereinafter Pet'rs' Mot. for Reargument], at 10–11.
[13] *See* Stip. of Fact, at Ex. A, SA § 3(e).
[14] Pet'rs' Mot. for Reargument, at 11–14.

## II. ANALYSIS

Under Court of Chancery Rule 59(f), a party may move for reargument within five days after the Court issues an opinion. Reargument is warranted only where "the Court has overlooked a decision or principle of law that would have controlling effect or . . . misapprehended the facts or the law so the outcome of the decision would be different."[15] "A motion for reargument is not a mechanism to present new arguments or to relitigate claims already considered by the Court."[16]

### A. *No error as a matter of statutory law*

The Petitioners contend that the October 1, 2018 Letter Opinion erred as a matter of statutory law. Per the Petitioners, the error was that I upheld an agreement that abrogates the statutory right of appraisal.[17] In the Letter Opinion, I assumed without deciding that I could avoid decision of the ability of these parties to waive appraisal, because the Petitioners informed me at Oral Argument that there were no issues of law.[18] On reargument, the Petitioners assert that they preserved this issue in briefing.[19] Upon review, I do not consider the issue to be waived, even though it

---

[15] *Pontone v Milso Indus. Corp.*, 2014 WL 4352341, at *1 (Del. Ch. Sept. 3, 2014).

[16] *Cabela's LLC v. Wellman*, 2018 WL 6680972, at *1 (Del. Ch. Dec. 19, 2018).

[17] Pet'rs' Mot. for Reargument, at 11–14.

[18] *See* June 13, 2018 Oral Arg. Tr., at 7:14–15 (Counsel for the Petitioners said, "I still don't believe there's any real dispute about the law here.").

[19] Pet'rs' Supp. Opening Br. in Connection With Reargument of the Court's Oct. 1, 2018 Ltr. Op. [hereinafter Pet'rs' Supp. Opening Br.], at 2.

6

was not clearly raised at Oral Argument. Although I did not address this issue in my earlier Letter Opinion, I address it now, for completeness.

First, the Petitioners submit that Section 262 is a mandatory provision, and that mandatory rights cannot be waived *ex ante*.[20] They cite to this Court's decision in *Appraisal of Ford Holdings, Inc. Preferred Stock*, which stated that "generally . . . mandatory provisions may not be varied by the terms of the certificate of incorporation or otherwise."[21] I note, however, that *Ford Holdings* (discussed in greater detail, below) nevertheless upheld a contract that fixed the appraisal price of preferred stock, rendering statutory appraisal meaningless.[22] My understanding of the Petitioners' argument is that even though *Ford Holdings* tends to suggest that appraisal rights may be waived *ex ante*, such suggestion is dicta; this court has never explicitly held that such is allowed, and therefore, waiving appraisal rights is *contrary to* Delaware law. Moreover, according to the Petitioners, under my decision that "same price" applies within each class of stock, as opposed to all stockholders being entitled to receive the same price, the Petitioners could receive as little as nothing in return for the obligation to "refrain" from exercising appraisal

---

[20] *Id.* at 12. The right is mandatory, I presume, in that it exists for all stockholders of Delaware corporations by statute. It is not mandatory in that stockholders must pursue appraisal, or that an appraisal action must proceed in every instance in which statutory appraisal is permitted under the DGCL. To the contrary, stockholders must meet certain procedural requirements to invoke appraisal rights, and stockholders are deemed to have waived appraisal rights if those requirements are not satisfied. 8 *Del. C.* § 262.

[21] 698 A.2d 973, 976 (Del. Ch. 1997).

[22] *Id.* at 977.

7

rights, so allowing a contractual waiver of appraisal rights here is contrary to Delaware law.[23]

Second, the Petitioners argue that a corporation may not impose an advance waiver of appraisal rights by separate agreement, because even if such waiver is not prohibited by the DGCL, it is nevertheless inconsistent with the DGCL.[24] They point to a hierarchy, in which the DGCL resides at the top, followed by a corporation's certificate of incorporation, then its bylaws, and then other contracts (such as the SA at issue here).[25] Per the Petitioners, the lower items on the hierarchy cannot conflict with the higher-ranking items. Because the DGCL, Authentix's certificate of incorporation, and its bylaws do not expressly allow contractual waiver of appraisal rights, the provision to that effect in the SA is *in conflict with* those three "higher" items. It follows, the Petitioners posit, that if Authentix wanted to alter appraisal rights, it should have been an LLC or an LP, not a corporation.

I conclude that the SA here is enforceable, including the provision that waives the Petitioners' appraisal rights. The SA is a clear, unambiguous contract, created as part of a merger, that was entered into by sophisticated parties, including the Petitioners here, who owned the entire interest in the entity to be merged. My finding is informed by Delaware precedent, including the *Ford Holdings* case. There, this

---

[23] Pet'rs Supp. Opening Br., at 5.
[24] *Id.* at 15.
[25] *Id.*

8

Court upheld, in part, a contract between a corporation and its preferred stockholders that, in the event of a merger, fixed "fair value" at a set price, thereby effectively waiving the stockholders' right to appraisal.[26] The Court reasoned that "[s]ince Section 262 represents a statutorily conferred right, it may be effectively waived in the documents creating the security only when that result is quite clearly set forth . . . ."[27] Modification of a statutory right to appraisal "must be express or at least very clearly implied."[28] This reasoning—that waiver of a party's rights is permitted, but must be clear—is found elsewhere in our law.[29]

*Ford Holdings* involved the appraisal rights of preferred stockholders, whereas the present case involves the appraisal rights of common stockholders. Nevertheless, given the Chancellor's reasoning in that case, in light of Delaware's aforementioned precedent permitting waiver of other statutory rights, and in light of the specific facts here, I find that waiver of appraisal rights is permitted under Delaware law, as long as the relevant contractual provisions are clear and unambiguous.

---

[26] *Ford Hldgs.*, 698 A.2d at 974.

[27] *Id.* at 977.

[28] *Id.* at 975.

[29] *See, e.g.*, *Kortum v. Webasto Sunroofs, Inc.*, 769 A.2d 113, 125 (Del. Ch. 2000) (waiver of statutory rights must be "clearly and affirmatively expressed in the relevant document"); *see also Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908 (Del. 1989) (arbitration provision that waived insured's right to a jury trial was upheld, despite it being a contract of adhesion); *Libeau v. Fox*, 880 A.2d 1049, 1056 (Del. Ch. 2005) ("the absolute right to [statutory] partition [may] be relinquished by contract").

Here, Authentix Inc. was a private company (as is Authentix), and the Petitioners were its sole stockholders. There is no record evidence that the Petitioners were not fully informed; to the contrary, there is evidence that the Petitioners are sophisticated investors who were fully informed and represented by counsel when they signed the SA, under which they obtained some rights and relinquished others, and then accepted the benefits of that contract for seven years.[30] The SA clearly and unambiguously waives appraisal rights; therefore, it should be enforced. I need not decide whether a waiver of appraisal would be upheld in other circumstances.

Moreover, I note that the DGCL does not explicitly prohibit contractual modification or waiver of appraisal rights, nor does it *require* a party to exercise its statutory appraisal rights.[31] Thus, such modification or waiver serves to supplement the DGCL, and is not inconsistent with, nor contrary to, the DGCL. The same logic applies to Authentix's certificate of incorporation and its bylaws, which are silent regarding waiver of appraisal rights; as a contract between the corporation and its stockholders, the SA augments the parties' rights and responsibilities.

---

[30] *See, e.g.*, Joint Stip., at ¶¶ 6–7.
[31] *See* 8 *Del. C.* § 262.

*B. The contract issues were previously addressed*

The Petitioners argue that I erred by holding that the merger at issue is not a "sale of equity securities" under the SA, and so Section 3(e) of the SA does not apply.[32] The Petitioners already raised these arguments, both in their briefs and at oral argument on the cross-case dispositive motions.[33] I have already considered the Petitioners' contentions, and rejected them. To the extent I erred, the available remedy is an appeal.

## III. CONCLUSION

For these reasons, the Petitioners' Motion for Reargument is denied. The parties should inform me what issues, if any, remain. An appropriate order is attached.

---

[32] Pet'rs' Mot. for Reargument, at 7–11.

[33] *See* Pet'rs' Ans. Br. in Opp'n to Resp't's Mot. for Partial Summ. J., at 10; June 13, 2018 Oral Arg. Tr. at 10:12–19, 13:3–6, 15:1–2, 16:20–23.

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

MANTI HOLDINGS, LLC, MALONE )
MITCHELL, WINN INTERESTS, LTD., )
EQUINOX I. A TX, GREG PIPKIN, )
CRAIG JOHNSTONE, TRI-C )
AUTHENTIX, LTD., DAVID MOXAM, )
LAL PEARCE, and JIM RITTENBURG, )
                                )
           Petitioners, )
                                )
      v. )  C.A. No. 2017-0887-SG
                                )
                                )
AUTHENTIX ACQUISITION )
COMPANY, INC., )
                                )
           Respondent. )
_____ )
                                )
AUTHENTIX ACQUISITION )
COMPANY, INC., )
                                )
           Counterclaim-Plaintiff, )
                                )
      v. )
                                )
MANTI HOLDINGS, LLC, MALONE )
MITCHELL, WINN INTERESTS, LTD., )
EQUINOX I. A TX, GREG PIPKIN, )
CRAIG JOHNSTONE, TRI-C )
AUTHENTIX, LTD., DAVID MOXAM, )
LAL PEARCE, and JIM RITTENBURG, )
                                )
           Counterclaim-Defendants. )

## **ORDER**

AND NOW, this 14th day of August, 2019,

The Court having considered the Petitioners' Motion for Reargument, IT IS

HEREBY ORDERED that the Motion is DENIED.

**IT IS SO ORDERED.**

*/s/ Sam Glasscock III*

Vice Chancellor

2